**Johnny Allen MUSE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15805.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1971.

Don Anderson, Public Defender, T. Hurley Jordan, Asst. Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Johnny Allen Muse, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense of Robbery with Firearms, After Former Conviction of a Felony. His punishment was fixed at 99 years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Alva Franklin Bowers testified that on October 17, 1969, he was employed at the Fina Service Station at South Robinson Street in Oklahoma City, Oklahoma. At about 6:45 p.m., a man whom he identified in court as defendant, entered the station, pointed a .22 caliber revolver at

Bowers, demanded that he open the cash register, and demanded the money. The defendant shot once down, and once at the ceiling, and cut the telephone cord with a knife, then took about $30.00 from Bowers' pocket. He then left, telling Bowers to go around the corner one way, while the defendant went the other way. However, Bowers watched him get into a green 1956 or 1957 Chevrolet parked down the street. A customer had just driven in the station, and Bowers told him what happened; the customer followed defendant's car while Bowers called the police.

Officer McCalab testified that he answered the call relating to the robbery report, and talked to Bowers, receiving a description of the robber, the car, and a telephoned report of the car tag number. He checked on the tag and determined that the car belonged to defendant, who resided at 739 Southeast Eleventh Street, Oklahoma City. McCalab proceeded to that address at about 8:30 p.m., and found the defendant's car there; he talked to defendant's mother who said the defendant had been there about 30 minutes earlier. As McCalab was leaving, he noticed that a cab commenced a turn onto Eleventh Street, and then continued on south. He stopped the cab at 1500 South Phillips, and arrested the defendant, who was a passenger in the cab. On searching defendant, he found $30.00, a pocket knife, and a small plunger used to remove shells from a .22 caliber revolver.

Carl Weckenmann testified that on October 17, 1969, he picked up a man at the Kiawanis Club on Southwest Twenty-Ninth Street, somewhere between 8:00 and 9:00 o'clock p.m., and drove him to the vicinity of Southeast Eleventh or Twelfth Street, and upon approaching the address, the passenger told him to pass by the house because of a police car sitting in front. The cab proceeded on and made several turns at the passenger's direction, until it was finally stopped by the police at about Fifteenth and Lindsay or Phillips Streets.

Officer Baldwin testified that he talked to defendant on October 18, 1969, in the city jail and advised defendant of his rights against self-incrimination. He asked if defendant had committed the Fina Station robbery; defendant at first denied, then admitted the robbery. He testified that defendant had told him he could not remember any of the details, because he was very intoxicated and really did not remember.

Myrtle Lee testified that she was defendant's mother, and on the night of his arrest, he had come into her house about 5:30 p. m., and did not leave until 7:15 p.m., at which time he left in a cab to go play bingo at the Lion's or Kiawanis Park on Twenty-Ninth Street.

The first proposition asserts that the verdict is not supported by the evidence. We consistently have held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weight the evidence, and to determine the facts. Smith v. State, Okl.Cr., 468 P.2d 807.

The final proposition contends that the punishment is excessive. Defendant argues under this proposition that the 99-year sentence was undoubtedly caused by the District Attorney's comment on defendant's failure to take the stand during the closing argument. We observe that the closing arguments were not recorded and made a part of the Appellate Record. We do find, however, in the Record, that after the jury returned their verdict and was dismissed by the court, the following transpired:

"MR. JORDAN: Comes now the defendant and asks for a Mis-Trial in this case by and for the reason that the District Attorney, in his Closing Argument to the Jury—

"THE COURT: Wait a minute. His Closing Argument in the second phase of this lawsuit.

"MR. JORDAN: Yes, in the second phase of this Trial, mentioned to the Jury and commented on the fact that the Defendant did not take the Stand, at which

time the Defense Attorney asked for a Mis-Trial and brought it to the attention of the Court and the Court said he would allow him to make a record after it was over and overruled a Motion for Mis-Trial.

"THE COURT: The Court finds that the remark made by the District Attorney was in the second phase of the Hearing and it was as to punishment and for that reason it is overruled." (Tr. 109)

Although defendant did not properly perfect this objection to improper argument by following the standards set forth by this Court in Robison v. State, Okl.Cr., 430 P. 2d 814, we can arrive at no other conclusion that such comments prejudiced the jury.

We observe that the evidence of defendant's guilt is crystal clear, and further, that this is defendant's third conviction for robbery offenses. We reluctantly modify the judgment and sentence from a term of 99 years imprisonment to a term of 60 years imprisonment, and as so modified, the judgment and sentence is affirmed.

BRETT and NIX, JJ., concur.